**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PAUL KRISTEN MITCHELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2309-JD** |
| | ) | |
| **TOMMY SHARP,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Paul Kristen Mitchell, a state prisoner proceeding *pro se*,[1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Instant Petition") challenging his detention at the Joseph Harp Correctional Center in Lexington, Oklahoma. (Doc. 1).[2] United States District Judge Jodi Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 6). For the reasons set forth below, the undersigned recommends the Court **DISMISS** the Instant Petition without prejudice as duplicative of an earlier-filed § 2241 petition in this District.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I. Screening

The Court must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases.[3] "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

## II. Factual Background and Procedural History

Petitioner is a state inmate incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. (Doc. 1, at 1). On January 25, 2023, he pled guilty to child sexual abuse in Garfield County Case No. CF-2021-128, and he was sentenced to 25 years of imprisonment with 12 years in custody and 13 years suspended. (*Id.*) *See* Garfield County Case No. CF-2021-128.[4]

---

[3] The Court may apply "any or all" of the Rules governing § 2254 cases to a habeas petition brought under § 2241. R. 1(b), Rules Governing § 2254.

[4] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&number=CF-2021-128 (*Docket Sheet*) (last accessed Sept. 10, 2026). The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other

On January 30, 2026, Petitioner filed a § 2241 petition in this Court. *Mitchell v. Sharp*, Case No. CIV-26-163-JD, ECF No. 1 (W.D. Okla.) ("First Petition"). In the First Petition, Petitioner asserts that he is classified as an aggravated felon under federal immigration laws and that he has a current immigration detainer, and thus he is subject to mandatory deportation. *Id.* at 4. Petitioner asserts that he waives his right to appear in Immigration Court, along with any appeals, and he requests to be immediately deported to his home country of Australia. *Id.* at 4-6.

On August 27, 2026, Petitioner filed the instant § 2241 Petition in the Eastern District of California, and it was subsequently transferred to this Court. (Docs. 1-4) ("Instant Petition"). Petitioner makes substantially the same assertions and seeks the same relief as in the First Petition, although he provides additional reasons – namely presidential executive orders and policy initiatives of Oklahoma's governor – that he believes support his claim that he is immediately deportable. (Doc. 1).

## III. The Instant Petition Should Be Dismissed As Duplicative.

"Where . . . a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 (W.D. Okla. Aug. 17, 2026) (quoting *Lazare v. De Anda-Ybarra*, No. 2:26-CV-00808-KG-KK, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026)). "If the first § 2241 case is still pending, the later filed petition may be dismissed as duplicative and without

---

courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

prejudice" and "[t]he petitioner is then free to continue prosecuting claims in his . . . existing § 2241 case." *Id.*; *see also Lazare*, 2026 WL 2071154, at *1 (collecting cases dismissing duplicate § 2241 immigration petitions).[5]

Here, Petitioner's First Petition is still pending in this Court. *Mitchell v. Sharp*, Case No. CIV-26-163-JD, ECF No. 1 (W.D. Okla). The Respondent has filed a Motion to Dismiss, *id.*, ECF No. 11 (W.D. Okla. July 10, 2026), and Petitioner has filed an Objection and response to that Motion raising the same additional arguments that he asserted in the Instant Petition, *id.*, ECF No. 12 (W.D. Okla. July 30, 2026). The Motion remains pending.

Accordingly, the Instant Petition is duplicative of the First Petition and should be dismissed without prejudice. *Salib*, 2026 WL 2393174, at *1

## IV. Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends the Court **DISMISS** the Petition, (Doc. 1), without prejudice.

**The Court advises Petitioner of his right to object to this Report and Recommendation by October 1, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[5] The second way that subsequent petitions proceed is only relevant when "the first § 2241 was denied on the merits and final judgment has been entered." *Salib*, 2026 WL 2393174, at *1 (quotation marks omitted). That is not the situation in this case.

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 10th day of September, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE