**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PAUL KRISTEN MITCHELL,<br><br>Petitioner,<br><br>v.<br><br>TOMMY SHARP,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-02309-JD |

## ORDER

Before the Court is United States Magistrate Judge Amanda L. Maxfield's Report and Recommendation ("R. & R.") [Doc. No. 7], to which Petitioner Paul Kristen Mitchell ("Petitioner") did not file objections. As discussed below, the Court accepts and adopts the R. & R.

On August 27, 2026, Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the Eastern District of California, and it was subsequently transferred to this Court ("Second Action"). [Doc. Nos. 1–4]. Prior to this filing, Petitioner had filed a § 2241 petition in this Court ("First Action"), and it remains pending. *See Mitchell v. Sharp*, Case No. CIV-26-00163-JD (W.D. Okla.) (filed Jan. 30, 2026). The Court referred this Second Action to Judge Maxfield for preliminary review under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 6].

In the R. & R., Judge Maxfield reviewed the record, noted the First Action and Second Action, and recommended that the Second Action be dismissed without prejudice as duplicative of the First Action. [Doc. No. 7]. The R. & R. advised Petitioner of his

right to object by October 1, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 4 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Petitioner did not file an objection to the R. & R. by the deadline and thus waived his right to challenge the recommended disposition. Petitioner did not file anything in response to the R. & R. or seek an extension of the deadline to do so. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply,

the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised). Even if a de novo review were required, however, the Court agrees with the analysis in the R. & R.

Accordingly, for the above reasons, the Court ACCEPTS the R. & R. [Doc. No. 7] without objection. The Court, therefore, DISMISSES Petitioner's habeas action without prejudice. A separate judgment of dismissal will follow.

IT IS SO ORDERED this 19th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE